### RESPASS et al. v. ODEN.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1923.)

No. 3871.

1. **Bills and notes ⬠132—Condition in note construed.**

A promissory note, given for money advanced by the payee to pay an installment due on an oil lease, in which both parties were interested, containing a provision that it should be payable only in case he sustained a loss through the purchase, *held* collectible, where the lease proved worthless.

---

⬠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Appeal and error** ⟐⟐850(2)—**Exceptions essential to review on trial to court by written stipulation where no findings are made.**

Where an action is tried to the court by written stipulation in accordance with Rev. St. § 649 (Comp. St. § 1587), and no findings are made, only rulings excepted to are reviewable.

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by John P. Oden against Frank B. Respass and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Villard Martin, of Muskogee, Okl. (John A. Price, of Toledo, Ohio, on the brief), for plaintiffs in error.

Frank M. Cobourn, of Toledo, Ohio (Tracy, Chapman & Welles and Newton A. Tracy, all of Toledo, Ohio, on the brief), for defendant in error.

Before DENISON, and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. [1] Plaintiffs in error complain of a judgment rendered upon their promissory note to Oden. It was in usual form, save for the clause: "This note is to be paid only in case J. P. Oden sustains a loss through the purchase of lot 9," etc. The note represented money advanced by Oden, which was used as a first payment on an oil lease on the lot which the parties were buying together. Later Oden furnished the same amount for the second payment, and the other parties the same amount for the third and final payment. Oil development was unsuccessfully attempted, and the lot proved to be worthless. The makers of this note insist that this conditional clause referred only to a loss of the first payment, which might result from forfeiture if the other payments were not made, and did not contemplate a loss developing after the purchase was complete. We cannot give it this interpretation. The note was, we think, plainly intended to guarantee Oden against the loss of this payment for any reason. If one buys property which turns out to be worthless, the purchase money is lost. This was the construction given by the trial court, and it was right.

[2] Since there were no findings of facts, upon a trial to the court after jury waived in writing, no other question is open for review. Cleveland v. Walsh Co. (C. C. A. 6) 279 Fed. 57, 61.

The judgment is affirmed.